UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor,       : | **COMPLAINT** |
| United States Department of Labor, | |
|       : | |
| Plaintiff,       : | Civil Action No. 1:23-cv-314 |
| v. | |
|       : | |
| EDWIN CONSTRUCTION, INC. and EDWIN | |
| VILLALOBOS and EVERT VILLALOBOS, Individually,       : | |
| Defendants.       : | |

----------------------------------------------------------------

Plaintiff MARTIN J. WALSH, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act" or "the FLSA"), alleging that Defendants Edwin Construction, Inc., Edwin Villalobos and Evert Villalobos, individually ("Defendants"), violated sections 7, 11(c), 12(c), 15(a)(2), 15(a)(4), and 15(a)(5) of the Act, to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

Defendants, who operate a construction company specializing in the remodeling of residential homes, have willfully violated the FLSA by failing to pay at least 27 laborers the applicable overtime premiums for hours worked in excess of forty each week; instead engaging in multiple schemes to cover up their overtime violations. Defendants paid their laborers day rates partially or wholly in cash "off the books," and unlawfully classified some laborers as independent contractors instead of as Defendants' employees, in all instances denying their employees the lawfully required overtime pay they were due.  From August 5, 2018 to at least August 1, 2021

1

(the "relevant time period"), Defendants' failed to pay proper overtime to the laborers who regularly worked upwards of 50 hours per week, and failed to keep required records of all hours worked by and all wages paid to the laborers.  Defendants have also engaged in oppressive child labor by employing three minors in a hazardous occupation, including two 17-year-olds and one 12-year-old, and then lying to the Department of Labor about them.

In furtherance of their schemes, Defendants failed to maintain adequate and accurate records of hours worked, wages paid, or dates of birth of the minors they employed.

## JURISDICTION AND VENUE

1.       This Court has subject matter jurisdiction over this action pursuant to section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2.       Venue is proper in the in the United States District Court for the Eastern District of New York because a substantial part of the events and/or omissions giving rise to the claims occurred in this district, specifically, in Hicksville, New York, 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

### The Parties

3.       Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

4.       Defendant Edwin Construction, Inc. is a corporation organized under the laws of the state of New York, having its principal place of business at 7 Joseph Lane, Hicksville, New York 11801, within the jurisdiction of this Court.

5.       Defendant Edwin Construction, Inc is engaged in operating a construction business.

6.      Defendant Edwin Construction, Inc. has regulated the employment of all persons employed by it and acted directly and indirectly in the corporation's interests in relation to its employees, and is thus an employer of its employees within the meaning of section 3(d) of the Act.

7.      Defendant Edwin Villalobos is and was the sole owner of Defendant Edwin Construction, Inc.

8.      Defendant Edwin Villalobos resides in the State of New York, within the jurisdiction of this Court.

9.      Defendant Edwin Villalobos is and was in active control and management of Defendant Edwin Construction, Inc.

10.      Defendant Edwin Villalobos had the authority to hire and fire employees of Defendant Edwin Construction, Inc.

11.      Defendant Edwin Villalobos did hire and fire employees of Defendant Edwin Construction, Inc.

12.      Defendant Edwin Villalobos had the authority to supervise and control employee work schedules or conditions of employment of Defendant Edwin Construction, Inc.

13.      Defendant Edwin Villalobos did supervise employees of Defendant Edwin Construction, Inc.

14.      Defendant Edwin Villalobos did set the work schedules of employees of Defendant Edwin Construction, Inc.

15.      Defendant Edwin Villalobos had the authority to determine the rate and method of payment of employees of Defendant Edwin Construction, Inc.

16.      Defendant Edwin Villalobos did set pay rates of employees of Defendant Edwin Construction, Inc.

17. Defendant Edwin Villalobos had the authority to maintain employment records of Defendant Edwin Construction, Inc.

18. Defendant Edwin Villalobos did maintain employment records of Defendant Edwin Construction, Inc.

19. Accordingly, Defendant Edwin Villalobos regulated the employment of all persons employed by him and is a person acting directly or indirectly in the interests of Defendant Edwin Construction, Inc. in relation to its employees and is thus an employer within the meaning of section 3(d) of the Act.

20. Defendant Evert Villalobos is the brother of Defendant Edwin Villalobos.

21. Defendant Evert Villalobos is and was a foreman of Defendant Edwin Construction, Inc.

22. Defendant Evert Villalobos visited Defendants' worksites daily to check on Defendants' workers and ensure they were performing their jobs properly.

23. Upon information and belief, Defendant Evert Villalobos resides in the State of New York, within the jurisdiction of this Court.

24. Defendant Evert Villalobos is and was in active control and management of Defendant Edwin Construction, Inc.

25. Defendant Evert Villalobos had the authority to hire and fire employees of Defendant Edwin Construction, Inc.

26. Defendant Evert Villalobos did hire and fire employees of Defendant Edwin Construction, Inc.

27. Defendant Evert Villalobos had the authority to supervise and control employee work schedules or conditions of employment of Defendant Edwin Construction, Inc.

28.     Defendant Evert Villalobos did supervise employees of Defendant Edwin Construction, Inc.

29.     Defendant Evert Villalobos did set the work schedules of employees of Defendant Edwin Construction, Inc.

30.     Defendant Evert Villalobos had the authority to determine the rate and method of payment of employees of Defendant Edwin Construction, Inc.

31.     Defendant Evert Villalobos did set pay rates of employees of Defendant Edwin Construction, Inc.

32.     Defendant Evert Villalobos had the authority to maintain employment records of Defendant Edwin Construction, Inc.

33.     Defendant Evert Villalobos did maintain employment records of Defendant Edwin Construction, Inc.

34.     Accordingly, Defendant Evert Villalobos regulated the employment of all persons employed by him and is a person acting directly or indirectly in the interests of Defendant Edwin Construction, Inc. in relation to its employees and is thus an employer within the meaning of section 3(d) of the Act.

**Defendants Are an Enterprise Engaged in Commerce**

35.     The business activities of Defendants, as described herein, are related and performed through common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

36.     Defendant Edwin Construction, Inc. had an annual gross volume of sales made or business done in an amount not less than $500,000 during the relevant time period.

37.     Defendants have employed employees as laborers, including those employees listed in Exhibit A, in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including the employment of employees that handle, sell, and work on goods or materials that have been moved in or produced for commerce, including construction materials and vehicles manufactured outside of New York State.

38.     Therefore, the employees are employed in an enterprise engaged in commerce of in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

**The Laborers Were Employees of Defendants and Were Economically Dependent on Defendants**

39.     During the relevant time period, Defendants employed at least 27 laborers.

40.     Defendants' laborers provided general construction and remodeling services for residential homes.

41.     Defendants classified the majority of their laborers as employees, but misclassified some of their laborers as independent contractors despite them performing the same duties alongside their employees and working under the same conditions.

42.     All of Defendants' laborers were economically dependent on Defendants.

43.     Defendants exercised substantial and extensive control over the manner and means through which the laborers performed their work.

44.     Defendants controlled the day-to-day conditions of work of the laborers.

45.     Defendants monitored, supervised, and inspected the laborers' work on a daily basis.

46.     Defendants required the laborers to attend "team meetings" every workday morning at Defendants' business location where they would work assignments and instructions to the laborers.

6

47.     Defendants set the laborers' work schedules.

48.     Defendants did not allow laborers to set their own work schedules.

49.     Defendants determined the laborers' method of pay.

50.     Most laborers were paid only by cash, but some were paid partially in cash and partially by check.

51.     Defendants determined the laborers' rate of pay.

52.     Laborers were paid a flat day rate for all hours worked.

53.     The laborers generally were not able to negotiate their rates of pay with Defendants.

54.     The laborers' rates of pay did not depend on the amount of work they performed.

55.     The laborers did not have any opportunity for profit or loss.

56.     The laborers did not earn any profits from the work they performed for Defendants.

57.     Defendants determined how the records of the laborers' hours worked were maintained.

58.     Defendants determined how records of the laborers' wages paid were maintained.

59.     For a period of time, Defendants had a dress code and required laborers to use work shirts provided by the firm with the firm's logo on the shirts.

60.     The laborers did not make any capital investments that could be lost if Defendants' business failed.

61.     Upon information and belief, the laborers worked solely and exclusively for Defendants during the relevant time period.

62.     Defendants discouraged the laborers from having outside employment, including by setting schedules where laborers were required to work 9.5 hours per day, six days per week.

63.     Defendants' relationship with their laborers were for indefinite periods of time and often lasted years.

64.     The laborers' managerial skill played no role in their opportunity for profit and loss on the job.

65.     The laborers made little or no investment in the equipment or materials required for their work.

66.     Defendants provided equipment and/or materials for the laborers to use including circular saws, chainsaws, ladders, and nail guns.

67.     Equipment and/or materials for the laborers to use were stored at Defendants business location.

68.     The laborers were not required to and did not possess any special training, degree, skills, or experience to perform their work.

69.     None of the laborers had their own businesses.

70.     None of the laborers carried their own insurance.

71.     None of the laborers had their own employees.

72.     In sum as a matter of economic reality, the laborers were employees of Defendants and economically dependent on Defendants during the relevant time period.

**Defendants Failed to Pay Proper Overtime**

73.     During the relevant time period, Defendants' laborers regularly worked between 47.5 to 57 hours per week.

74.     Defendants' laborers regularly worked 9.5 hours per day during the relevant time period.

75.     Defendants' laborers regularly worked 5 to 6 days per week during the relevant time period.

76.     During the relevant time period, Defendants did not pay their laborers the required overtime premium of one and one-half times their regular rate of pay for any hours worked in excess of 40 in a workweek.

77.     Defendants paid their laborers a flat daily rate ranging from $70-$250 per day.

78.     Laborers' flat daily rates did not change regardless of the number of overtime hours they worked in a workweek during the relevant time period.

79.     During the relevant time period, Defendants maintained a notebook that showed laborers' days worked each week but that did not not record the time that laborers spent working each day.

80.     For example, during the week ending September 16, 2018, Defendants' notebook shows a laborer worked 6 days per week. The laborer was paid a day rate for each day, and Defendants failed to pay this laborer any overtime premium for hours worked over forty for that workweek.

81.     As another example, during the week ending August 25, 2019, Defendants' notebook shows a laborer worked 6 days per week. The laborer was paid a day rate for each day, and Defendants failed to pay this laborer any overtime premium for hours worked over forty for that workweek.

82.     As another example, during the week ending June 7, 2020, Defendants' notebook shows a laborer worked 6 days per week. The laborer was paid a day rate for each day, and Defendants failed to pay this laborer any overtime premium for hours worked over forty for that workweek.

83.     By way of further example, during the week ending May 2, 2021, Defendants' notebook shows a laborer worked 6 days per week. The laborer was paid a day rate for each day, and Defendants failed to pay this laborer any overtime premium for hours worked over forty for that workweek.

84.     Throughout the relevant time period, Defendants failed to pay their laborers the required premium of one-and-one-half times their regular rates of pay for hours worked in excess of 40 in a workweek.

## Defendants Engaged in Oppressive Child Labor

### *Relevant Statutory and Regulatory Provisions*

85.     Section 12(c) of the FLSA prohibits employers from using any oppressive child labor in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 212(c).

86.     Section 12(b) of the FLSA provides that the Secretary shall conduct investigations and inspections with respect to the employment of minors pursuant to Section 11(a), 29 U.S.C. § 211(a), and shall bring all actions to enjoin or restrain an employer's oppressive child labor under Section 17, 29 U.S.C. § 217, which grants district courts the authority to restrain child labor violations.

87.     Child Labor Regulation 3, 29 C.F.R. § 570.33(n)(4) of the Department of Labor's Child Labor Regulations prohibits minors 14 and 15 years of age from working in occupations in connection with construction.

88.     Hazardous Occupation Order 14, 29 C.F.R. §§ 570.65, prohibits minors between 16 and 18 years of age from working in occupations involving the operation of, *inter alia*, circular saws and chain saws.

*Defendants Used Oppressive Child Labor*

89.     During the relevant time period, Defendants employed three minors to perform construction work.

90.     Defendants employed two 17 year old minors during the relevant time period.

91.     Defendants employed a minor under the age of 16 who was as young as 12 years old during the relevant time period.

92.     All three of the minors employed by Defendants performed work for Defendants using chain saws and table saws.

**Defendants Failed to Keep Adequate and Complete Records**

93.     Throughout the relevant time period, Defendants failed to make, keep, and/or preserve adequate and accurate records, including laborers' total daily and weekly hours worked, overtime hours worked, and actual total weekly wages paid as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

94.     Defendants paid their laborers either fully or partially in cash "off the books."

95.     Defendants were required to make, keep and preserve records of the persons employed by them, including, but not limited to, total hours worked each workday and workweek and the total regular and overtime wages paid each pay period for a period of three years and make them available for inspection by the Department of Labor upon request.

96.     During the relevant time period, Defendants did not maintain adequate and accurate records of laborers' hours worked and wages paid.

97.     Additionally, Defendants did not maintain any birth date records for employees under 19 years of age.

11

**Defendants' Actions Were Willful**

98.     Defendants attempted to conceal the fact that their laborers worked more than forty hours in a workweek by maintaining inadequate and inaccurate records showing a maximum of 40 hours worked per week.

99.     Defendants further paid wages to their employees either fully or partially in cash "off the books."

100.    Additionally, Defendants were previously investigated by the New York State Department of Labor ("NYS DOL") in 2015 and, at that time, were found to have failed to pay their laborers proper overtime, by paying them a flat daily rate regardless of their hours worked, including those hours worked over 40 in a workweek, and to have failed to keep accurate and adequate records of their laborers work hours and pay.

101.    Further, on multiple occasions, Defendants concealed from Wage Hour Division investigators their employment of three minors under the age of 18, falsely stating that they had not employed any minors within the past three years.

102.    Accordingly, here, Defendants' failure to pay overtime by paying laborers a flat daily rate, and failure to make, keep and/or preserve records of overtime hours worked during the relevant time period, was willful.

**Statute of Limitations Tolling Agreement**

103.    The Defendants and the Secretary knowingly and voluntarily entered into a Statute of Limitations Tolling Agreement (the "tolling agreement").

104.    The tolling agreement tolled the applicable statute of limitations from August 1, 2021, until and including January 9, 2023 for a total of 526 days.

105.    Accordingly, this Complaint filed on January 17, 2023 shall be deemed to have been filed 526 days prior to the actual filing date, or August 9, 2021.

## FIRST CAUSE OF ACTION

### Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime

106.    The Secretary incorporates by reference and realleges the allegations in paragraphs 1 through [XX].

107.    Defendants have willfully violated sections 7 and 15(a)(2) of the Act by employing at least 27 laborers in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty hours, as prescribed in Section 7 of the Act, without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed, and attempting to cover up this violation by paying employees in cash "off the books" or unlawfully classifying them as independent contractors.

108.    Accordingly, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages pursuant to section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

## SECOND CAUSE OF ACTION

### Violation of Sections 11(c) and 15(a)(5) of the FLSA, Failure to Keep Required Records

109.    The Secretary incorporates by reference and realleges the allegations in paragraphs [XX] through [XX].

110.     Defendants have willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that Defendants knowingly failed to make, keep, and/or preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment as prescribed by the regulations issued and found at 29 CFR Part 516.

## THIRD CAUSE OF ACTION

## Violation of Sections 12(c) and 15(a)(4) of the FLSA, Employment of Oppressive Child Labor

111.     The Secretary incorporates by reference and realleges the allegations in paragraphs [XX] through [XX].

112.     Defendants have violated the provisions of sections 12(c) and 15(a)(4) of the Act, and Child Labor Regulation No. 3, 29 C.F.R. § 570.33(n)(4) and Hazardous Occupation Order 14, 29 C.F.R. §§ 570.65, by using oppressive child labor in an enterprise engaged in commerce or in the production of goods for commerce, by employing three minors in the construction industry, including one who was between the ages of 12 and 15 years old during the relevant time period, as well as two 17-year-olds, and allowing them to work using  chain saws and table saws.

113.     Such conduct violates the Act's child labor provisions and endangers the welfare of minors employed by Defendants at the establishment.

## RELIEF REQUESTED

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

(1)     An injunction issued pursuant to section 17 of the Act permanently restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from violating the provisions of sections 7, 11(c), 12(c), 15(a)(2), 15(a)(4), and 15(a)(5) of the Act;

(2)     An order pursuant to section 16(c) of the Act finding Defendants liable for unpaid overtime compensation found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional overtime compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint or to the present if violations are continuing); or;

(3)     In the event liquidated damages are not awarded, for an injunction issued pursuant to section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees, and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

(4)     An order compelling Defendants to reimburse the Secretary for the costs of this action; and

(5)     An order granting such other relief as the Court may deem necessary or appropriate.

DATED:        January 17, 2023
              New York, New York

                                SEEMA NANDA
                                Solicitor of Labor

                                JEFFREY S. ROGOFF
                                Regional Solicitor

                                /s Orly S. Godfrey
                                ORLY S. GODFREY
                                Trial Attorney

                                U.S. Department of Labor
                                Office of the Solicitor
                                201 Varick Street, Room 983
                                New York, NY 10014
                                Tel: 646.264.3656
                                Godfrey.Orly@dol.gov

15

Attorneys for Plaintiff, Secretary of Labor
Martin J. Walsh

**EXHIBIT A**

| Last Name | First Name |
|---|---|
| Chavez | Alexis Balmore |
| Chavez Ramos | Israel De Jesus |
| Chavez Ramos | Jose H |
| Doe | Brian aka Bryan |
| Doe | Don Anibal |
| Doe | Eber |
| Doe | Fernando |
| Doe | Henry |
| Doe | Herson |
| Doe | Jovani |
| Doe | Kristian |
| Doe | Luis |
| Doe | Migel |
| Doe | Raymond aka Ramon |
| Doe | Samuel |
| Garib | Rohan |
| Garib | Rossi |
| Jimenez | Edwin |
| Lopez | Josue D |
| Marquez Luna | Rudy Evelio |
| Marquez Ramos | Jose Adan |
| Ramos | Alexis |
| Ramos | Enrique |
| Sandoval | Ruben Armando |
| Sandoval | Samuel "Sami" A |
| Ventura Bonilla | Melvin A |
| Yanez | Luis Daniel |